**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION FILE NO. 3:12-CV-433-RJC-DCK**

| | |
|---|---|
| BRIAN L. GRIFFIN,        )<br>      **Plaintiff**        )<br>                              )<br>v.                            )<br>                              )<br>TBC RETAIL GROUP, INC., D/B/A )<br>TIRE KINGDOM, INC.,           )<br>      **Defendant**       ) | **STIPULATED PROTECTIVE ORDER** |

       To expedite the flow of discovery in this proceeding in a manner consistent with the need to protect the confidentiality of certain elements of that discovery, it is hereby stipulated by Plaintiff Brian L. Griffin ("Griffin") and TBC Retail Group, Inc. d/b/a Tire Kingdom, Inc. ("TBC") (collectively, the "Parties") and ordered by the Court pursuant to Rule 26 of the Federal Rules of Civil Procedure:

       1.    All documents and/or other information that the Parties produce or information that the Parties disclose through deposition or in response to a subpoena or written discovery and in good faith specifically designated as "CONFIDENTIAL" (hereinafter "Confidential Information") shall be protected from public disclosure as provided herein. Such Confidential Information shall include, but not be limited to, financial information such as tax returns and medical records of Plaintiff.

       2.    Any document to be designated as "CONFIDENTIAL" may be so designated by stamping the document with the legend "CONFIDENTIAL" prior to its production. No Party shall designate any document as "CONFIDENTIAL" unless it has a bona fide good faith basis to do so. In the event of a dispute, the Party claiming that a document constitutes Confidential

Information shall have the burden of demonstrating that the document constitutes Confidential Information.

3. The Parties may also designate the deposition testimony of any witness or any reasonable portion thereof as Confidential Information, and such deposition testimony shall be covered by this Protective Order, by advising the court reporter and all the Parties to such fact on the record during the deposition or in writing within fifteen (15) days of the receipt of the transcript in either electronic or printed form from the court reporter, whether or not signed by the deponent.

4. The Parties shall use all Confidential Information produced and disclosed to the Parties solely for the purpose of preparation for discovery, the contested case, and appeals related to the case unless another use is specifically agreed upon by the Parties or authorized by the Court. The Parties may not disclose any Confidential Information to anyone except as provided in Paragraph 5.

5. The Parties may not disclose Confidential Information except to:

    a. The Court and Court personnel who have a need to read, review, or file Confidential Information;

    b. Legal counsel and office personnel who have a need to read or review such Confidential Information;

    c. Individuals who any Party reasonably and in good faith believes may be witness in this litigation, but only to the extent such Confidential Information pertains to that individual or is relevant to his or her possible testimony;

    d. Experts of any kind, to the extent such persons have been advised of and have agreed to the terms of this Order; and,

e. Public agencies, including law enforcement agencies and officials, to the extent such persons have been advised of and have agreed to the terms of this Protective Order.

Before disclosing any Confidential Information to a witness, the Parties shall be responsible for ensuring that the witness reads this Protective Order and shall explain the contents of the Protective Order to the witness who shall be bound by the terms of this Protective Order. The Parties shall obtain from the individual to whom Confidential Information is disclosed a written acknowledgement in the form attached hereto as "Exhibit A" signed by the individual providing that the individual will use the Confidential Information solely for purpose of this litigation, will not disclose the Confidential Information except as authorized herein, and will return all such Confidential Information to the disclosing Party or destroy it within sixty (60) days of the conclusion of this litigation. The original of the signed statement shall be maintained in the possession of the disclosing Party and a listing of any individual(s) to whom Confidential Information has been provided will be provided by the disclosing Party upon request.

6. Prior to the trial, the Court shall establish procedures for the use of Confidential Information at the trial of this matter.

7. The Parties shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to provide any such challenge shall not preclude a subsequent challenge to such designation. The Parties may move the Court, upon notice, to remove or challenge the designation of Confidential Information with respect to any specified document, testimony, or any other thing or any portion thereof. The Parties shall attempt to resolve in good faith any dispute about the confidentiality of information or its use before seeking resolution by the Court. The designation of confidentiality shall not be

read as a stipulation or agreement by any Party as to the admissibility or nature of any particular evidence at trial.

8. Within sixty (60) days after the conclusion of this action and all appeals, whether by settlement, dismissal, or final judgment, all Confidential Information shall be returned to the originating Party or destroyed in an appropriate manner. One copy shall be kept by the designating Party for four (4) years. Provided, however, it is understood that the parties' counsel may keep copies of the confidential information pursuant to the State Bar rules for retention of records and consistent with any requirements of liability carriers.

9. Confidential Information developed, revealed by, or included in any discovery proceedings, formal or informal, whether in the form of deposition transcripts, interrogatory answers, or document production need not be filed except when required in connection with matters pending before this Court. If documents containing, summarizing, or referring to Confidential Information are filed, they shall be filed under seal.

10. The Parties shall be responsible for the security of documents and information provided to them and subject to this Protective Order.

11. This Protective Order shall continue to be binding after the conclusion of the litigation, and this Court reserves jurisdiction over all persons to whom such information was disclosed for purposes of enforcing it.

12. In the event that circumstances change or the terms of confidentiality are not sufficient, any Party may seek an amendment to this Protective Order. The Parties shall attempt to resolve in good faith any proposed amendment to the Protective Order pertaining to the treatment and/or the confidentiality of information, or its use, in an attempt to reach a compromise before seeking a formal resolution by the Court.

Signed: February 26, 2013

_____
David C. Keesler
United States Magistrate Judge

CONSENTED AND AGREED TO:

| | |
|---|---|
| *s/s Hayley R. Wells* | *s/s Geraldine Sumter* |
| Jeremy R. Sayre | N.C. State Bar I.D. No.: 11107 |
| N.C. State Bar I.D. No.: 32164 | email: gsumter@fergusonstein.com |
| email: js@wardandsmith.com | For the firm of |
| Hayley R. Wells | Ferguson Stein Chambers |
| N.C. State Bar I.D. No.: 38465 |   Gresham & Sumter, P.A. |
| email: hrw@wardandsmith.com | 741 Kenilworth Avenue, Suite 300 |
| For the firm of | Charlotte, NC 28204 |
| Ward and Smith, P.A. | Telephone: 704.375.8461 |
| Post Office Box 2020 | Facsimile: 704.334.5654 |
| Asheville, NC 28802-2020 | Attorneys for Plaintiff |
| Telephone: 828.348.6070 | |
| Facsimile: 828.348.6077 | |
| Attorneys for Defendant | |

"EXHIBIT A"

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION FILE NO. 3:12-cv-00433

| | |
|---|---|
| BRIAN L. GRIFFIN,<br>   Plaintiff<br><br>   v.<br><br>TBC RETAIL GROUP, INC., D/B/A<br>TIRE KINGDOM, INC.,<br>   Defendant | **ACKNOWLEDGEMENT CONCERNING<br>MATERIAL COVERED BY<br>PROTECTIVE ORDER** |

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the above-captioned case and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with any person or entity not authorized to receive Confidential Information pursuant to the terms of said Protective Order, any documents or any information designated as Confidential Information or any copies or extracts of information derived therefrom which has been disclosed to me. I further agree to use any information disclosed to me in connection with the case solely for the purpose permitted under said Protective Order, and to return any Confidential Information to the producing Party or destroy it within sixty (60) days of the conclusion of this litigation. I understand that the use of any Confidential Information or document in any manner contrary to the provisions of this Protective Order may subject me to sanctions by the Court and that I am subject to the jurisdiction of United States District Court for the Western District of North Carolina, for the purpose of enforcing said Protective Order.

This the ___ day of _____, 20___.

                                                                _____
                                                                            *(Signature)*
                                                               _____
                                                                         *(Print Name)*

120936-00001_ND: 4824-2200-4242, v. 1